UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
AVI MIEROV
on behalf of himself and
all other similarly situated consumers

                              Plaintiff,


           -against-


VITAL RECOVERY SERVICES, LLC

                              Defendant.


--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Avi Mierov seeks redress for the illegal practices of Vital Recovery Services,

LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that

the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in

Peachtree Corners, Georgia.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

1692(a)(6).

### *Jurisdiction and Venue*

7.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Avi Mierov*

9.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about October 16, 2015 and October 19, 2015, Defendant sent the Plaintiff collection letters seeking to collect a balance allegedly incurred for personal purposes.

11.     Said letters failed to identify the name of the current creditor in violation of §§ 15 U.S.C. 1692e, 1692e(10) & 1692f.

12.     15 U.S.C. § 1692e provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

13.     15 U.S.C. § 1692f provides: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

14.     The said letters merely states: "Your past-due account has not been paid." The letters fail to state where the account originates from.

15.     A collector violates the Act by failing to disclose the name of the current creditor. It is

deceptive to demand payment of a debt when the unsophisticated consumer would not recognize to whom the debt is owed.

16. Failing to identify the creditor is confusing to the consumer when the collection agency did not specify who the owner that owned the debt is.[1]

17. How much more so in the case of these letters should the Defendant be held liable; for its letters to the Plaintiff are deceptive and harassing per se in that they wholly secreted the identity of the creditor.

18. The debtor is left utterly confused and in the dark, as to who the alleged debt that the Defendant is collecting upon is owed to.

19. Failing to state the name of the creditor and failing to disclose what the "MISC. fee due" is falsely represents the character and legal status of the alleged debt in violation of § 1692e(2)(A) and § 1692e(10).

20. By further failing to name the creditor and misstating the amount of the debt, the Defendant failed to show the amount claimed was expressly authorized by contract as required by § 1692f(1).

21. Obscure and inconsistent information, such as in the said letter, have the effect of compelling the Plaintiff, and other least sophisticated consumers, to place return calls to the telephone number provided in the collection letters and to speak with their debt collectors, as the sole means of obtaining the identity of the creditor of their alleged debts.

22. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) & 1692f for the use of any false

---

[1] Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727, *23-24, 2011 WL 4344044 (S.D.N.Y. Sept. 7, 2011). ("Failing to Correctly Identify the Creditor States A Claim for Relief under Section 1692e(10)"), Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 301-02 (E.D.N.Y. 2005). (granting plaintiff summary judgment in a 1692g(a)(2) claim and explaining that [t]he least sophisticated consumer would not deduce from reading the [c]ollection [l]etter the name of the creditor seeking collection), Schneider v. TSYS Total Debt Mgmt., Inc., 2006 U.S. Dist. LEXIS 48177, 2006 WL 1982499, at *4 (E.D.Wis. July 13, 2006). (denying motion to dismiss in 1692g(a)(2) claim where plaintiff alleged that defendants did not list the name of the creditor), Hepsen v. J.C. Christensen and Assocs., Inc., 2009 U.S. Dist. LEXIS 92717, 2009 WL 3064865, at *5 (M.D.Fla. Sep. 22, 2009). (Concluding that the defendant violated 1692e(10) by incorrectly listing the name of the current creditor.)

representation or deceptive means and the use of unfair or unconscionable means to collect or attempt to collect any debt.

23. Defendant's October 16, 2015 and October 19, 2015 letters stated the "Principal Amount Due" as "$11323.50", "Interest Due" as "$579.40", "Misc. Fee Due $25.93" and the "Total Balance Due $11928.83."

24. Defendant was deceptive by failing to specify and disclose nature of the "Misc. Fee Due."

25. Defendant omits a true itemization that identifies the nature of the other charges, this scheme is designed to conceal its existence of the other charges, i.e., by listing part of the debt as "Misc. Fee Due," the Defendant fails to disclose the nature of the Miscellaneous charges and fees assessed.

26. Defendant is under a continuous duty to disclose to [Plaintiff and class members] the true character, quality, and nature of the charges assessed on debtors' accounts, Defendant actively concealed the true character . . . of the assessment of other charges to debtors and debtors reasonably relied upon Defendants' knowing, affirmative, and active concealment.

27. Defendant actively concealed the true character of the assessment of other charges to debtors and debtors reasonably relied upon Defendants' knowing, affirmative, and active concealment.

28. Defendant misrepresented the Plaintiff's amount owed.

29. Misrepresentation of a debt violates the FDCPA's prohibition of attempting to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1); see also 15 U.S.C. § 1692e(2)(B) (prohibiting the false representation of "any services rendered or compensation which may be lawfully

received by any debt collector for the collection of a debt."). The other charges that was not authorized by agreement . . . or permitted by law." 15 U.S.C. § 1692f(1).

30.     Since the amount that the Defendant is attempting to collect is a fee in excess of the actual debt, it must be explicitly itemized as such, yet the Defendant chose to withhold such information.

31.     15 U.S.C. § 1692e of the FDCPA states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." (2)(A) "the character, amount, or legal status of any debt[.]"

32.     15 U.S.C. § 1692f of the FDCPA states: "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

33.     The said letters mislead the least sophisticated consumer, as nowhere does the Defendant explain the other charges.

34.     The Defendant was supposed to itemize the various charges that comprise the total amount of the debt.

35.     Upon information and belief, it is the Defendant's pattern and practice to use false, deceptive, or misleading representations when collecting debts from debtors.

36.     Upon information and belief, it is the Defendant's pattern and practice to not itemize the expenses or explain the amount of the debt in any way.[2]

37.     Defendant misrepresented the debt amount.

38.     Misrepresentation of a debt violates the FDCPA's prohibition on attempting to collect "any amount (including any interest, fee, charge, or expense incidental to the principal

---

[2] Acik v. IC System, Inc., 640 F. Supp. 2d 1019 (N.D. Ill. 2009). (The court held that the debt collector's letter would leave even a sophisticated consumer guessing as to what the "Additional Client Charges" label represented. The question under 15 U.S.C.S. § 1692e was not whether these charges were fair or proper, but whether the fees were clearly and fairly communicated so that the consumer could ascertain the fees' validity.)

obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1); see also 15 U.S.C. § 1692e(2)(B) (prohibiting the false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.").

39.   The "Misc. Fee Due" was not authorized by agreement . . . or permitted by law." 15 U.S.C. § 1692f(1).

40.   Defendant falsely represented the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A) and 1692e(2)(B).

41.   The said October 16, 2015 letter was deceptive and misleading as it identified "Interest Due" and the "Total Balance Due," yet failed to disclose that the balance would increase due to interest and fees.

42.   The Plaintiff was left uncertain as to whether the total balance was going to continue accruing interest as there was no disclosure that indicated otherwise.

43.   A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "Total Balance Due" stated on the notice will not know whether the debt has been paid in full.

44.   The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

45.   The statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into

believing that payment of the amount stated will clear his or her account.

46.     The FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees, failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

47.     Collection notices that state only the "The Total Balance Due" but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

48.     The Plaintiff and the least sophisticated consumer would be led to believe that the "Total Balance Due" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

49.     In fact, however, interest was accruing daily and the Defendant has tried to collect this interest from the Plaintiff.

50.     A consumer who pays the "Total Balance Due" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

51.     The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

52.     A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

53.     15 U.S.C. § 1692e provides:

>   A debt collector may not use any false, deceptive, or misleading
>   representation or means in connection with the collection of any debt.
>   Without limiting the general application of the foregoing, the following
>   conduct is a violation of this section:
>
>   (2) The false representation of --
>
>   (A) the character, amount, or legal status of any debt; or
>
>   (10) the use of any false representation or deceptive means to collect or
>   attempt to collect any debt or to obtain information concerning a consumer.

54.     The said letter is a standardized form letter.

55.     Upon information and belief, the Defendant's collection letters, such as the said collection letter, number in the hundreds.

56.     Defendant's October 16, 2015 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

57.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

58.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

59.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

60.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

61.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

62.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

63.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

64.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

65.     As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

66.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixty five (56) as if set forth fully in this cause of action.

67.     This cause of action is brought on behalf of Plaintiff and the members of two classes.

68.     Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as

the letters sent to the Plaintiff on or about October 16, 2015 and October 19, 2015; and (a) the collection letters were sent to a consumer seeking payment of a personal debt; and (b) the collection letters were not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10) 1692f and 1692f(1).

69.     Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about October 16, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

70.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A.  Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B.  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

  C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

  D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

  E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

71. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

72. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

73. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

74. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

75.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and

the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this

Court enter judgment in his favor and against the Defendant and award damages as follows:

A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action;
and

C.  Any other relief that this Court deems appropriate and just under the
circumstances.

Dated: Cedarhurst, New York
July 15, 2016


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

-12-

PO Box 923748
Peachtree Corners, GA  30010-3748
**RETURN SERVICE REQUESTED**

October 16, 2015

**Vital Recovery Services, LLC**
PO Box 923748
Peachtree Corners, GA  30010-3748
**(888)297-4067**

| | |
|---|---|
| New Account #: | 947 |
| Original Account #: | 057 |
| Last Payment Date: | July 14, 2015 |
| Principal Amount Due: | $11323.50 |
| Interest Due: | $579.40 |
| Misc. Fee Due: | $25.93 |
| Total Balance Due: | $11928.83 |

581

AVI MIEROV
10920 71ST RD APT 5B
FOREST HILLS NY 11375-4801

0013                         017279947

IMPORTANT NOTICE:
PLEASE RESPOND

## HELP YOURSELF AND CALL US ABOUT YOUR ACCOUNT.

Dear AVI MIEROV:

Your past-due account has not been paid.

If you can't pay in full today, call us anyway.  We work everyday to help other people with special payment arrangements customized to fit their situations.  You'll have the peace of mind of putting this obligation in the past.

For further information or to pay by phone, please call Vital Recovery Services, LLC at (888)297-4067.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**
**This letter is an attempt to collect a debt by a debt collector.  Any information obtained will be used for that purpose.  This communication is from a debt collector**
NEW YORK CITY RESIDENTS:  Kyle Sutter, Operations Manager, B: 678-578-1045.
New York City Department of Consumer Affairs License Number: 1126452

**To make a payment online:  https://pay.vitalrecovery.com/**
**Sign on using payment id: 01727994746**

⬇ **Detach Here And Remit Lower Portion With Payment In The Enclosed Reply Envelope** ⬇

Make check payable to:

**Vital Recovery Services, LLC**

10192015

NEW ACCT #: 947
TOTAL BALANCE DUE: $11928.83

Amount Paid:

Home Phone:
Daytime Phone:

0013     V01          017279947

Vital Recovery Services, LLC
PO BOX 923747
PEACHTREE CORS., GA  30010-3747

AVI MIEROV
10920 71ST RD APT 5B
FOREST HILLS NY 11375-4801

☐ Check here if address has changed.
Please note changes on reverse side.

PO Box 923748
Peachtree Corners, GA 30010-3748
**RETURN SERVICE REQUESTED**

**October 19, 2015**

Vital Recovery Services, LLC
PO Box 923748
Peachtree Corners, GA 30010-3748
**(888)297-4067**

| | |
|---|---|
| New Account #: | 947 |
| Original Account #: | 057 |
| Last Payment Date: | July 14, 2015 |
| Principal Amount Due: | $11323.50 |
| Interest Due: | $591.34 |
| Misc. Fee Due: | $25.93 |
| Total Balance Due: | $11940.77 |

943

AVI MIEROV
10920 71ST RD APT 5B
FOREST HILLS NY 45458-9241

0013                          017279947

**IMPORTANT NOTICE:
PLEASE RESPOND**

## HELP YOURSELF AND CALL US ABOUT YOUR ACCOUNT.

Dear AVI MIEROV:

Your past-due account has not been paid.

If you can't pay in full today, call us anyway.  We work everyday to help other people with special payment arrangements customized to fit their situations.  You'll have the peace of mind of putting this obligation in the past.

For further information or to pay by phone, please call Vital Recovery Services, LLC at (888)297-4067.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.
This letter is an attempt to collect a debt by a debt collector.  Any information obtained will be used for that purpose.  This communication is from a debt collector**

NEW YORK CITY RESIDENTS:  Kyle Sutter, Operations Manager, B: 678-578-1045.
New York City Department of Consumer Affairs License Number: 1126452

**To make a payment online:  https://pay.vitalrecovery.com/
Sign on using payment id: 01727994746**

⬇ **Detach Here And Remit Lower Portion With Payment In The Enclosed Reply Envelope** ⬇

Make check payable to:

**Vital Recovery Services, LLC**

10202015

NEW ACCT #: 947
TOTAL BALANCE DUE: $11940.77

Amount Paid:

Home Phone:
Daytime Phone:

0013      V01      017279947

Vital Recovery Services, LLC
PO BOX 923747
PEACHTREE CORS., GA 30010-3747

AVI MIEROV
10920 71ST RD APT 5B
FOREST HILLS NY 45458-9241

☐  Check here if address has changed.
Please note changes on reverse side.